UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

| | | |
|---|---|---|
| BROOKWIND LTD. | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. ___19-34___ |
| HOUSTON CASUALTY COMPANY, QBE INSURANCE CORPORATION, ASPEN SPECIALTY INSURANCE COMPANY, HISCOX, INC. WESTCHESTER SURPLUS LINES INSURANCE COMPANY, UNDERWRITERS AT LLOYD'S, LONDON, INTERNATIONAL INSURANCE COMPANY OF HANOVER SE, ALTERRA EXCESS & SURPLUS INSURANCE COMPANY, SOMPO JAPAN INSURANCE COMPANY OF AMERICA, INTERSTATE FIRE & CASUALTY COMPANY, RSUI INDEMNITY COMPANY, HOMELAND INSURANCE COMPANY OF NEW YORK, EDWARD MARTIN SEWELL, JR., AND STEVEN M. PHILLIPS | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING SEVERALLY TO POLICY B1230AP8427C15 ("QBE SYNDICATE 1886"), who are one of the Defendants in the above entitled action, through their counsel of record, without waiving any defenses or objections herein, hereby remove this cause, bearing Cause Number 2017-57615, from the 151st Judicial District Court for Harris County, Texas, to the United

States District Court for the Southern District of Texas – Houston Division pursuant to 28 U.S.C. 1441 and 1446 and would show as follows:

### The State Court Action

1. The state court action that is removed to this Court was filed by Plaintiff in the District Court for Harris County, Texas against several Defendants, including QBE Syndicate 1886. The state court action seeks damages for breaches of insurance policies, including the policy issued by QBE Syndicate 1886, and for additional extra-contractual damages. A true and accurate copy of Plaintiff's Third Amended Petition ("Petition") is annexed hereto as Exhibit B-18, at B 170-190.

2. QBE Syndicate 1886 and the other Defendants answered the Plaintiff's lawsuit and denied Plaintiff's entitlement to the damages sought. QBE Syndicate 1886's answer is annexed hereto as Exhibit B-8, at B 040-042.

### Background

3. QBE Syndicate 1886's Policy B1230AP84275C15 ("QBE Policy"), App. 001-054, is part of a tower of primary and excess policies. The QBE Policy is a side-car primary policy that insures one-third of $1,000,000.00 per occurrence, after other primary side-car policies have paid an annual aggregate of $2,000,000.00. Defendant Aspen Specialty Insurance Company ("Aspen Specialty") issued a side-car primary policy that insures two-thirds of $1,000,000.00 per occurrence, after the other primary side-car policies have paid an annual aggregate of $2,000,000.00.

4. QBE Syndicate 1886 and other Defendants have stipulated that the other primary side-car policies have met their $2,000,000.00 annual aggregate. Thus, the QBE Policy and the

Aspen Specialty Policy are the primary policies responding to Plaintiff's claims. Nothing has been paid on Plaintiff's claims, so the excess policies in the tower of insurance have not been reached.

### The QBE Policy

5.  The QBE Policy contains an arbitration agreement, which reads as follows:

> CONDITIONS
>
> * * * *
>
> 12. **ARBITRATION**
>
>     If the insured and the Underwriters fail to agree in whole or in part regarding any aspect of this Policy, each party shall, within ten (10) days after the demand in writing by either party, appoint a competent and disinterested arbitrator and the two chosen shall before commencing the arbitration select a competent and disinterested umpire. The arbitrators together shall determine such matters in which the Insured and the Underwriters shall so fail to agree and shall make an award thereon, and if they fail to agree, they will submit their differences to the umpire and the award in writing of any two, duly verified, shall determine the same.
>
>     The Parties to such arbitration shall pay the arbitrators respectively appointed by them and bear equally the expenses of the arbitration and the charges of the umpire.
>
> * * *

Page 15 of the QBE Policy, App. 016.

### Basis for Removal

6.  Removal is based on the Court's federal question jurisdiction under 26 U.S.C. §§ 1441 and 1446 because there is a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (the "Convention"), and, thus, the Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203 and 205. In removing this cause, QBE Syndicate 1886 specifically preserves and does not waive any defenses, including but not limited to any Rule 12 affirmative defenses.

7. Both Plaintiff and QBE Syndicate 1886 agree that they are parties to the QBE Policy which contains an arbitration clause. The fact that Plaintiff filed suit for losses allegedly covered under the Policy, rather than initiating an arbitration, warrants removal under the Convention.

8. QBE Syndicate 1886 is an unincorporated association headquartered in London, United Kingdom. QBE Syndicate 1886 is a sub-syndicate of QBE Syndicate 2999, also an unincorporated association headquartered in London, England. QBE Syndicate 2999 is owned 100% by QBE Corporate Limited, an English Registered Company, headquartered in London, England.

9. The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n.15 (1974). Over one hundred countries have signed the Convention, including the United States, and the United Kingdom of Great Britain and Northern Ireland. In 1970, Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208 (the "Convention Act") "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

10. The Convention Act is part of the Arbitration Act, 9 U.S.C. § 1 *et seq*. Chapter 1 of Title 9 is the Federal Arbitration Act ("FAA"). Chapter 2 of Title 9 is the Convention Act. Section

208 of the Convention Act incorporates the FAA into the Convention Act to the extent the FAA is not inconsistent with the Convention Act or the Convention. *See* 9 U.S.C. § 208.

11. Federal district courts have original jurisdiction for claims that arise under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1331. Pursuant to 9 U.S.C. § 203, "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States and [t]he district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." When suits raising a federal question are brought in state courts, they may be removed to the federal district court where the action is pending. 28 U.S.C. § 1441(a).

12. In addition, § 205 provides that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may . . . remove such action or proceedings to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9. U.S.C. § 205. Courts have recognized that this removal provision is one of the broadest. *Acosta v. Master Maint. & Constr.*, 452 F.3d 373, 377 (5th Cir. 2006). The general rule that removal is strictly construed and cautiously granted does not apply in cases involving the Convention because "Congress created special removal rights to channel cases into federal court." *Id.* (quoting *McDermott Int'l v. Lloyds*, 944 F.2d at 1213)). To remove a case under § 205, there must be (1) the presence of an arbitration agreement or award falling under the Convention and (2) an action or proceeding in state court, the subject matter of which "relates to" that agreement or award. *Acosta*, 452. F.3d at 376; *O'Connor v. Mar. Mgmt. Corp.*, No. CV 16-

16201, 2017 WL 1018586, at *2 (E.D. La. Mar. 16, 2017). A copy of *O'Connor* is attached as App. 055 to 057.

13. Both elements for removal under § 205 are present here. First, there is an arbitration agreement falling under the Convention. An agreement "falls under" the Convention if these four prerequisites are met: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen. *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002); *Viator v. Dauterive Contractors, Inc.*, 638 F. Supp. 2d 641, 646–47 (E.D. La. 2009).[1] Here, factors (1), (2) and (3) are easily met because the insurance policy is a contract between the parties that contains a written arbitration agreement for arbitration to take place in the United States, which is a signatory country.[2] Factor (4) is also met because Underwriters at Lloyd's, London (QBE Syndicate 1886) must also be considered citizens of countries other than the United States. Indeed, **the Eastern District of Louisiana recently recognized that the Convention applies to Underwriters' insurance policies and that claims involving such insurance policies are removable**. *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London*, No. CV 18-6192, 2018 WL 4042874, at *4–5 (E.D. La. Aug. 24, 2018). A copy of *Port Cargo Serv.* is attached as App. 058 to 064. *See also, VVG Real Estate Investments v. Underwriters at Lloyd's, London*, 317 F.Supp.3d 1199, 1205

---

[1] The four-element test for determining whether an agreement falls under the Convention is part of the same test for determining whether the Court should compel the case to arbitration. *Compare Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005) to *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004).

[2] The QBE Policy provides:
> CHOICE OF LAW & JURISDICTION: This Insurance shall be governed by and construed in accordance with the law of the State of Kentucky. Each party agrees to submit to the exclusive jurisdiction of any competent court within the United States of America as per Service of Suit clause contained herein. App. 004.

(S.D. Fla. 2018) (Underwriters at Lloyd's, London Syndicate 2001 found to be citizens of the United Kingdom of Great Britain.) Therefore, the arbitration agreement falls under the Convention.

14. Second, there is an action in state court that relates to the arbitration agreement. The state court litigation relates to an arbitration clause if the litigation has a connection, relation, or reference to the arbitration clause at issue. *Acosta*, 452 F.3d at 376. Disputes over insurance coverage are "almost by definition" related to insurance policy arbitration clauses. *Id.* Therefore, Plaintiff's state action relates to the arbitration agreement, and removal is proper. *Port Cargo Serv.*, 2018 WL 4042874, at *4–5, App. 058 to 064.

### Timeliness of Removal

15. Section 205 of the New York Convention expressly states that the case may be removed "at any time before trial." *See Tiensch v. Plus Sms Holdings*, No. A-09-CA-334 LY, 2009 WL 10669495, at *8 (W.D. Tex. June 25, 2009) (rejecting Plaintiff's contention that Defendants had waived removal by engaging in state court litigation because the applicable removal statute permits a suit to be removed any time before trial). A copy of *Tiensch* is attached as App. 065 to 067. S*ee also Dahiya v. Talmidge Int'l, Ltd*., 371 F.3d 207, 208 (5th Cir. 2004) (noting that, although a delay of more than 30 days would ordinarily preclude removal under 28 U.S.C. § 1446(b), Section 205 allows removal at any time prior to trial). Thus, removal is timely.

### Consent to Removal by Certain Defendants

16. As set forth in Exhibit 1 attached hereto, all but one of other current defendants in this suit[3]; namely: Aspen Specialty, Hiscox, Inc., on behalf of Certain Underwriters at Lloyds',

---

[3] In addition to QBE Insurance Corporation, Defendants Westchester Surplus Lines Insurance Company, International Insurance Company of Hannover, S.E., Those Certain Underwriters at Lloyd's, London subscribing severally to Policies AQS-151688 and CNP-151688, Sompo Japan Insurance Company of America, RSUI Indemnity Company and Homeland Insurance Company of New York have been non-suited.

London (Hiscox Syndicate 3624), Alterra Excess & Surplus Insurance Company ("Alterra"), Interstate Fire & Casualty Company ("IFC"), Edwin Martin Sewell, Steven M. Phillips and Engle Martin & Associates, consent to the removal of this action. Defendant Houston Casualty Company ("HCC") has not consented to the removal, but because QBE Syndicate 1886 is a citizen of a foreign country, the consent of the other defendants is not required. *See e.g., Arango v. Guzman Advisors Corp.*, 621 F.2d 1371 (5th Cir. 1980) (international party has right to remove regardless of any other party's consent).

17. On information and belief, the HCC and Aspen Specialty policies have arbitration provisions identical to the arbitration provision in the QBE Policy. Also, on information and belief, the Alterra and IFC excess policies have following form provisions. The Policy of Hiscox Syndicate 3624 follows the form of the QBE Policy. Therefore, the arbitration provisions in the underlying policies are part of the excess policies.

## Notice to Others

18. In accordance with 28 U.S.C. § 1446(d), QBE Syndicate 1886 will promptly give notice to all parties in writing, and shall file a copy of the notice of filing of notice of removal with the Clerk of the state court.

**WHEREFORE**, Defendants Underwriters at Lloyd's London subscribing severally to Policy B1230AP84275C15 (QBE Syndicate 1886) hereby remove this action from the District Court for Harris County, Texas to the United States District Court for the Southern District of Texas – Houston Division.

Respectfully submitted this 4th day of January, 2019.

Respectfully submitted,

/s/ *Carter L. Ferguson*
Carter L. Ferguson
State Bar No. 06909500
Federal I.D. 33538
cferguson@belaw.com
Laura James
State Bar No. 24044562
ljames@belaw.com

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, TX 76102
817.338.1700
817.870.2265 facsimile

ATTORNEYS FOR DEFENDANTS THOSE CERTAIN UNDERWRITERS AT LLOYD'S LONDON (QBE SYNDICATE 1886) AND HISCOX, INC., ON BEHALF OF THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (HISCOX SYNDICATE 3624)

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all parties and counsel of record, pursuant to the Federal Rules of Civil Procedure, addressed as follows:

**Via Electronic filing and service**
Jeffrey L. Raizner
Andrew P. Slania
Amy Bailey Hargis
Ben Wickert
Raizner Slania, LLP
Email: efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006

*ATTORNEYS FOR PLAINTIFF*

**Via Electronic filing and service**
Barrie J. Beer
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street, 20th Floor
Houston, Texas 77002
Email: beer@mdjwlaw.com

*ATTORNEYS FOR HOUSTON CASUALTY COMPANY*

**Via Electronic filing and service**
James W. Holbrook, III
ZELLE LLP
901 Main Street, Suite 400
Dallas, Texas 75202
Email: jholbrook@zelle.com

*ATTORNEYS FOR ASPEN SPECIALTY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, STEVEN M PHILLIPS, AND MARTIN SEWELL, JR.*

**Via Electronic filing and service**
David McDowell
Avi Moshenberg
McDowell Hetherington LLP
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Email: david.mcdowell@mhllp.com
Email: avi.moshenberg@mhllp.com

*ATTORNEYS FOR INTERSTATE FIRE & CASUALTY CO.*

**Via Electronic filing and service**
Todd M. Tippett
ZELLE LLP
901 Main Street, Suite 400
Dallas, Texas 75202
Email: TTippett@zelle.com

*ATTORNEYS FOR ALTERRA EXCESS & SURPLUS INSURANCE COMPANY N/K/A EVANSTON*

DATED this 4th day of January, 2019

/s/ *Carter L. Ferguson*
Carter L. Ferguson